# CASES

DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURT OF ILLINOIS

DURING THE YEAR 1902.

---

### Illinois Moulding Co. v. Page & Lyon Mfg. Co.

1. PRINCIPAL AND AGENT—*Who is Not an Agent.*—One who obtains stock lists from several lumber companies, and sends in orders for acceptance or rejection, receiving no salary, expenses or compensation except a commission upon such of his orders as are accepted, is not an agent of such companies, either to sell lumber or to guarantee its quality.

Assumpsit.—Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge presiding. Heard in this court at the October term, 1901. Affirmed. Opinion filed October 27, 1902. Rehearing denied, and supplemental opinion filed November 10, 1902. Remittitur filed and cause affirmed November 15, 1902.

This is an appeal from a judgment in assumpsit against appellant (defendant below) for the sum of $296.46. At the close of plaintiff's testimony the defendant moved the court for a verdict in its behalf. After introducing its testimony the defendant made a similar motion. Each of these motions was refused, and to each refusal an exception was taken. The errors assigned challenge the action of the trial court in these and other particulars.

Appellant sent the following letter to the appellee at New London, Wisconsin:

"McHENRY, ILL., Aug. 5, 1899.

M. D. KEITH, ESQ.

A letter was forwarded to me this A. M., received from

(1)

Mr. Baxter, wherein he states that you have about three cars of ash at $17 f. o. b. Chicago. You may forward us that stock as soon as convenient, a car every two days.

Yours truly,

H. MOLNER."

It was stipulated that on August 19, 1899, appellee shipped to appellant by rail, billed to appellant at Chicago, two cars of ash lumber, one containing 7,435 feet, and the other containing 10,000 feet; and that both cars arrived in Chicago.

Appellee got bills of lading of these cars and sent them to appellant with invoices of the lumber. The contract price of the lumber thus shipped was $296.46, no portion of which was paid.

The defense interposed is that Baxter was the agent of appellee, and that he, in the letter referred to in the foregoing order, stated the quality of the lumber, and that the lumber did not correspond with the statement. Hence appellant was justified in refusing to receive the same, and therefore was not bound to pay for it.

Baxter visited the mill of appellee and inspected its stock of ash lumber. He said he would write appellant about it. Keith told him he did not think appellant would want it, and that appellee could sell it in Sheboygan for the same net price. Notwithstanding this, Baxter wrote the following letter to appellant:

"NEW LONDON, WIS., Aug. 3rd.

ILL. MOULDING Co., CHICAGO, ILL.

GENTLEMEN:—Mr. Keith has about three cars of 1″ mill run ash. I should judge this will run about like the 75,000 feet that you received last. Perhaps a little better. Mr. Keith made a price of $17 f. o. b. Chicago. The stock will run mostly twelve feet. There may be some little ten feet, and a little fourteen feet, and very little sixteen feet.

I have told Mr. Keith that you would take this ash, but wish you to verify it by mail, and he will hold it until he hears from you about Saturday or Monday. The stock is in good shipping condition, and he would like to ship it out.

Yours truly,

A. B. BAXTER."

Two days later appellant sent the order heretofore quoted.

The evidence tends to show that the lumber sent did not come up to the representations contained in this letter.

Appellee denied that Baxter was its agent for the sale of lumber; that while Keith, who acted for appellee, knew that Baxter was about to write appellant concerning this lumber, he, Keith, knew nothing of the contents of such letter, and asserts that the sale was made solely on the direct order of appellant, as above set forth.

MOSES, ROSENTHAL & KENNEDY, attorneys for appellant.

H. W. GLEASON, and ATWOOD & PEASE, attorneys for appellee.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

It appears that Baxter was engaged in selling lumber in Chicago and in its vicinity. His manner of doing business was this: He would get stock lists from such mills as he could, and then go to the manufacturers to see what sales he could make. Molner, the president of appellant, gives his understanding of what Baxter did in making sales or in taking orders for lumber: " He (Baxter) sells for any mill that sent him a stock list. If I knew the mills I chose the mill myself from which I want the order sent to; if the lumber in the different mills is of the same kind, I leave it to Baxter; would give him an order for so much ash and let him place the order where he wanted. * * * I could not buy Page & Lyon stock from anybody else but Baxter." Prior to this order appellant had bought lumber from appellee, in the manner above set forth, through Baxter.

For four years prior to the trial appellee had had dealings with Baxter. It paid him no salary, expenses or compensation, other than a commission upon such of his orders as it accepted. Baxter had his own office, and represented various mills. In one or two cases where the buyer complained of the measurement or of the grade of the lumber,

appellee sent Baxter to effect a settlement, but he had no general authority to act for appellee.

There is no direct evidence that Baxter ever made a sale for appellee, or that he had authority so to do. His custom was to send in an order, which appellee accepted or rejected as he saw fit. He was an independent trader.

If Baxter had no right to bind appellee by his acts in making a sale, he could not bind it by any statement or guaranty he might make accompanying such sale, unless appellee had knowledge thereof or assented thereto.

It seems that appellant thought it knew where the fault lay in this matter, for in its letter of September 1, 1899, while continuing to assert that Baxter was the agent of appellee, it says: " You will please urge Mr. Baxter to come here and straighten the matter up, as it is entirely his error and he ought to stand the consequences."

The title to the lumber contained in these two cars passed to appellant upon delivery to the railroad company and the sending forward of the bills of lading.

It is true that appellee did not pay the freight from the mill to Chicago, as the order directed, but the refusal of appellant to accept the lumber was not based on this omission, but was founded wholly upon the inferior quality of the lumber sent.

There being no competent evidence to show that Baxter was the agent of appellee, either to sell lumber or to guarantee its quality, the action of the learned trial judge in refusing to admit in evidence the Baxter letter was correct.

The sale in this case stands upon the order of appellant contained in its letter of August 5, 1899, and the acceptance thereof by appellee. It follows that the trial court did not err in directing the jury to find a verdict for appellee.

The " interference " of the court in the trial of the case, while annoying to counsel, in our opinion does not constitute reversible error.

The judgment of the Circuit Court will be affirmed.

PER CURIAM.
The petition for rehearing is denied.

The judgment heretofore entered in this cause affirming the judgment of the trial court for the sum of $296.46, will be set aside, and upon the appellee within ten days from this date entering a remittitur for the sum of $49.88, the judgment will be affirmed as to the balance, namely the sum of $246.58.